IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAFEWAY INC.,

       Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO; THE BOARD OF SUPERVISORS FOR THE CITY AND COUNTY OF SAN FRANCISCO; and EDWIN M. LEE, in his official capacity of Mayor of the City and County of San Francisco,

       Defendants.
      /

No. 11-00761 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE

     This lawsuit arises from the enactment of San Francisco Ordinance No. 194-08 (the original ordinance), as amended by San Francisco Ordinance No. 245-10 (the amended ordinance), San Francisco Health Code § 1009.01, which prohibits the sale of tobacco by any store within the City and County of San Francisco that contains a pharmacy.  Defendants City and County of San Francisco, the Board of Supervisors for the City and County of San Francisco and Mayor Edwin M. Lee move to dismiss all of Plaintiff's claims.  Plaintiff filed an opposition.  The California Medical Association filed an amicus curiae brief in support of Defendants' motion to dismiss and Plaintiff filed an opposition to it.[1]  The motion was heard on June 2, 2011.  Having heard argument on the motion and considered all the papers filed by the parties, the

---

[1] The amicus brief is based on evidence that the Court cannot consider on a motion to dismiss.  Therefore, the Court does not address the arguments presented in it.

1  Court grants the motion to dismiss, with prejudice.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and the documents attached to it and the documents of which the Court has taken judicial notice.[2]

Plaintiff operates fifteen general grocery stores located in San Francisco, ten of which include separate licensed pharmacies. Prior to November 7, 2010, when the amended ordinance became effective, Plaintiff sold tobacco products in the ten stores with pharmacies; after the amended ordinance went into effect, Plaintiff was barred from selling tobacco products in its ten stores with pharmacies.

Plaintiff staffs its pharmacies with pharmacists licensed by the State of California. In its pharmacies, Plaintiff fills and sells prescriptions drugs to its customers. The pharmacies are isolated from the rest of the store by side walls, back walls, front counters, and locked doors. Thus, the pharmacies are separate and distinguishable from the retail floor space displaying general groceries, household supplies, non-prescription health and beauty supplies and other products. Plaintiff's pharmacies did not

---

[2] Both parties submit requests for judicial notice of certain documents. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are either generally known or capable of accurate and ready determination. A court also may properly look beyond the complaint to matters of public record. Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991). The Court takes judicial notice of the submitted documents because they are matters of public record.

sell tobacco products.  Tobacco products were sold only through the stores' customer service booths and were only available to customers through staff who were not involved in pharmacy operations.

The Board enacted the original ordinance on August 5, 2008.  It provided that "no person shall sell tobacco products in a pharmacy."  The word "pharmacy" was defined as "a retail establishment in which the profession of pharmacy by a pharmacist licensed by the State of California in accordance with the Business and Professions Code is practiced and where prescriptions are offered for sale.  A pharmacy may also offer other retail goods in addition to prescription pharmaceuticals."  The original ordinance also provided that "the prohibition against tobacco sales at pharmacies . . . shall not apply to (a) General Grocery Stores and (b) Big Box Stores."  The original ordinance was based on the findings that: (1) tobacco is the leading cause of preventable death in the United States and the leading risk factor contributing to the burden of disease in the world's high-income countries; (2) through the sale of tobacco products, pharmacies convey tacit approval of the purchase and use of tobacco products, which sends a mixed message to consumers who generally patronize pharmacies for health care services; (3) in 1970, the American Pharmaceutical Association stated that mass display of cigarettes in pharmacies is in direct contradiction to the role of a pharmacy as a public health facility; (4) various professional and health care organizations have called for the adoption of state and local prohibitions of tobacco sales in drugstores and pharmacies; and

3

(5) prescription drug sales for chain drugstores represent a significantly higher percentage of total sales than for grocery stores and big box stores that contain pharmacies.  Comp., Ex. A, Findings 1, 7, 8 9, and 21.

In September 2008, Walgreen Co., a retail chain that sells prescription and non-prescription drugs and general merchandise, filed a lawsuit in state court against Defendants alleging that the original ordinance violated its constitutional right to equal protection.  It argued that it was arbitrary and capricious to exempt general grocery stores and big box stores that had pharmacies from the ban against selling tobacco products, when the ban was applied to Walgreen and other pharmacies that sold general merchandise, including tobacco products.  The superior court sustained a demurrer to Walgreen's complaint without leave to amend.  The appellate court reversed, holding that granting an exemption to general grocery and big box stores, but not to Walgreen, was a denial of Walgreen's right to equal protection. See Walgreen Co. v. City and County of San Francisco, et al., 185 Cal. App. 4th 424, 443-44 (2010).

In September 2010, after the remand of Walgreen to the superior court, the Board repealed the provision in the original ordinance that exempted general grocery and big box stores.  See Comp., Ex. E, the amended ordinance.  In amending the original ordinance, the Board recited that its purpose was to "head off further litigation over the proper remedy in the Walgreen case and remove any cloud over ongoing enforcement of the Article."  Comp., Ex. E, at 1.  On October 10, 2010, the amended ordinance became

4

law.

As a result of the amended ordinance, Defendants revoked the permits to sell tobacco products that had been issued to Plaintiff's ten stores in San Francisco that operate pharmacies. Plaintiff competes with other grocery stores in San Francisco that do not contain pharmacies, but that offer products similar to those available in Plaintiff's non-pharmacy operations. Plaintiff's competitors without pharmacies remain eligible for a license to sell tobacco products. The ban on the sale of tobacco products in Plaintiff's ten stores that operate pharmacies has damaged Plaintiff's business.

Based on these allegations, Plaintiff asserts the following causes of action: (1) a request for an order declaring that the sale of tobacco products in the general merchandise area of Plaintiff's stores is not the equivalent of sale in a pharmacy and that Plaintiff is entitled to a permit to sell tobacco products in these areas; (2) violation of Plaintiff's federal and state constitutional right to sell tobacco products in the same stores in which it operates a pharmacy; (3) violation of Plaintiff's federal and state constitutional right to equal protection; (4) violation of Plaintiff's federal and state constitutional right to due process; and (5) preemption by state law.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

5

give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

6

DISCUSSION

I. Declaratory and Injunctive Relief Construing Amended Ordinance

In this cause of action, Plaintiff asks the Court to construe the amended ordinance to prohibit the sale of tobacco products only "in a pharmacy," and not, as Defendants interpret it, to prohibit the sale of tobacco products in any store in which a pharmacy is located. Plaintiff bases this request on the language of the amended ordinance: "No person shall sell tobacco products in a pharmacy." Plaintiff argues that Defendants are impermissibly expanding this language to regulate entire grocery stores that have pharmacies located in them.

A district court has jurisdiction over a general constitutional challenge to a statute. Worldwide Church of God v. McNair, 805 F.2d 888, 891 (9th Cir. 1986). However, if a suit does not involve a dispute regarding an application of the Constitution or laws of the United States, federal jurisdiction is lacking. Doby v. Brown, 232 F.2d 504, 506 (4th Cir. 1956).

Plaintiff asks the Court to construe the amended ordinance in such a way as to avoid the constitutional issues it asserts in its subsequent causes of action. However, as discussed below, Plaintiff fails to state any constitutional claims upon which relief may be granted. Therefore, this claim is dismissed without leave to amend as amendment would be futile.

II. Violation of Right to Operate Lawful Business

Plaintiff alleges that it has a constitutionally protected interest, under the substantive due process clause of the Fourteenth Amendment to the United States Constitution and Article

7

I, § 7 of the California constitution,[3] to operate a pharmacy business and a retail grocery business. It continues that the amended ordinance is unconstitutional because it denies Plaintiff permits to sell tobacco products unless it discontinues its pharmacy businesses. Comp. ¶¶ 76-81. Defendants respond that no constitutional right to do business is implicated when the government imposes generally applicable restrictions on business activities pursuant to its police power to promote public health, safety or welfare.

"Where a [business] permit has been properly obtained and in reliance thereon the permittee has incurred material expense, he acquires a vested property right to the protection of which he is entitled." O'Hagan v. Board of Zoning Adjustment, 19 Cal. App. 3d 151, 158 (1971). When a municipal ordinance regulates a useful business enterprise, it is subject to scrutiny by the courts with a view to determining whether the ordinance is a lawful exercise of the police power, or whether it amounts to unwarranted and arbitrary interference with the constitutional rights to carry on a lawful business, to make contracts, or to use and enjoy property. Dobbins v. Los Angeles, 195 U.S. 223, 235-36 (1904) (citing Lawton v. Steele, 152 U.S. 133, 137 (1894) (legislature may not arbitrarily interfere with private business, or impose unusual and unnecessary restrictions upon lawful occupations; citing cases where legislative acts were held invalid as involving unnecessary

---

[3]Article I, § 7 of the California Constitution provides that a person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws.

invasion of the rights of property or inhibition of lawful occupation).

Plaintiff alleges that it has obtained permits to engage in the operation of a pharmacy and in the sale of tobacco products and it has incurred material expenses in reliance upon those permits. Thus, Plaintiff alleges a vested property right in those permits that is subject to judicial scrutiny.

However, the protection of a vested property right in a business permit generally must yield to the state's concern for the public health and safety and its authority to legislate for the protection of the public. See O'Hagan, 19 Cal. App. 3d at 159 (government may revoke use permit for lawful business where conduct of business constitutes a nuisance threatening public safety); Dobbins, 195 U.S. at 235 ("It may be admitted that every intendment is to be made in favor of the lawfulness of the exercise of municipal power, making regulations to promote the public health and safety, and that it is not the province of courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community"). A substantive due process claim cannot overturn a valid state statute unless it is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Spoklie v. Montana, 411 F.3d 1051, 1059 (9th Cir. 2005).

Although Plaintiff may have property rights in its business permits, it has not alleged facts that would demonstrate that the

9

amended ordinance is an unwarranted and arbitrary interference with those rights. As illustrated by the cases Plaintiff cites, when courts have found an unconstitutional interference with a permit or right to do business, the government has singled out a particular business owner for arbitrary treatment.[4]

In Dobbins, 195 U.S. at 236-37, a local ordinance arbitrarily prevented the plaintiff from constructing a gas line on property she had bought for that very purpose. The Court found that the city council had enacted the ordinance after the plaintiff had begun construction, not in the furtherance of the public health or safety, but to provide an economic advantage to another business. Id. at 239. The Court stated that "the exercise of the police power is subject to judicial revies [sic], and property rights cannot be wrongfully destroyed by arbitrary enactment. . . . No reasonable explanation for the arbitrary exercise of power in the case is suggested. . . . [W]here . . . the exercise of the police power [is] in such manner as to oppress or discriminate against a class or an individual, the courts may consider and give weight to such purpose in considering the validity of the ordinance." Id. at 239-40. Unlike the ordinance in Dobbins, the amended ordinance was not directed specifically at Plaintiff, and Defendants have a reasonable justification, based on public health and safety, for its enactment.

Similarly, in O'Hagen, 19 Cal. App. 3d at 160, the court held

---

[4]Two of Plaintiff's cases, Dobbins v. Los Angeles and Nollan v. California Coastal Commission, address the constitutional prohibition against taking property without just compensation, not the substantive due process right that Plaintiff is asserting.

10

that the zoning board's revocation of a use permit for the operation of a drive-in restaurant without good cause or a compelling public necessity was not constitutional. The zoning board revoked the permit because the manner in which the restaurant was being operated constituted a public nuisance. Id. at 161. However, the court found that the nuisance would be eliminated by delineating conditions under which the restaurant could operate. Id. at 165. There was no compelling necessity for the zoning board to revoke the use permit, which totally prohibited the plaintiff from operating his business. Id. Here, unlike in O'Hagan, Defendants have provided good cause and a compelling public necessity for the amended ordinance.

In Nollan v. California Coastal Commission, 483 U.S. 825, 831-32 (1987), the Court held that the defendant had taken private property without just compensation because it would grant a permit to build a house on the plaintiffs' beachfront property only on the condition that they allow the public an easement to pass across their property to the beach. Again, this case is inapplicable because the defendant's requirement for an easement was arbitrarily directed at these particular plaintiffs.

The final case on which Plaintiff relies, Frost v. Railroad Commission of the State of California, 271 U.S. 583, 592 (1926), held that a state may not constitutionally force a company that operates as a private carrier, which transports its own goods, also to operate as a common carrier, which must accept transport of other companies' goods, in order to use the public highways. Key to the Court's analysis was the fact that the state did not possess

11

1  the constitutional authority to compel a private carrier to assume,
2  against its will, the duties and burdens of a common carrier.  Id.
3  The Court reasoned that the state could not impose an
4  unconstitutional condition upon the privilege of using the public
5  highways.  Id. at 599.  Plaintiff argues this case is applicable
6  because Defendants are attempting to convert its retail grocery
7  store into a pharmacy.  However, Defendants are doing no such
8  thing.  The amended ordinance merely regulates the sale of tobacco
9  products; it does not force Plaintiff to engage in a certain type
10 of business.

11       In sum, although Plaintiff has alleged it has a vested
12 property right in its permits, it cannot overcome the fact that the
13 enactment of the amended ordinance was a reasonable and permissible
14 use of Defendants' police power.  See Spoklie, 411 F.3d at 1059
15 ("If the legislature could have concluded rationally that certain
16 facts supporting its decision were true, courts may not question
17 its judgment.").  Defendants' motion to dismiss this cause of
18 action is granted.  It is granted without leave to amend because no
19 additional allegations could remedy the deficiencies noted above.
20 III. Equal Protection Claim

21       The Fourteenth Amendment provides that no state may "deny to
22 any person within its jurisdiction the equal protection of the
23 laws."  U.S. Const. amend. XIV, § 1.  The equal protection
24 provision of the California constitution is substantially the same
25 as the equal protection clause of the Fourteenth Amendment to the
26 United States Constitution and, thus, may be analyzed under the
27 same standard.  Walgreen, 185 Cal. App. 4th at 434 n.7 (citing

1 Manduley v. Sup. Ct., 27 Cal. 4th 537, 571 (2002)).

2     In addressing a claim that a statute or regulation violates a plaintiff's right to equal protection, the court must first determine whether the plaintiff is similarly situated to other entities not affected by the law at issue. Fraley v. United States Bureau of Prisons, 1 F.3d 924, 2926 (9th Cir. 1993); Cooley v. Sup. Ct., 29 Cal. 4th 226, 253 (2002). In other words, the plaintiff must show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. Walgreen, 185 Cal. App. 4th at 434. If the groups are not similarly situated for purposes of the law at issue, an equal protection claim fails. Id. If the plaintiff establishes that the groups are similarly situated, the court then applies the appropriate level of scrutiny. Id. at 435. The rational basis standard of review is applied to claims of discrimination caused by economic and social welfare legislation, such as that attacked here. Id. To pass rational basis scrutiny, the equal protection clause requires only that the classification rationally furthers a legitimate state interest. Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). There is no equal protection violation "so long as there is a plausible policy reason for the classification, the legislative facts on which the classification is apparently based rationally may have been considered to be true by the governmental decisionmaker, and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational." Id. at 11 (citations omitted).

27     Plaintiff's equal protection claim is based on the assertion

that, for the purposes of the amended ordinance, the entities that are similarly situated to it are those businesses that are eligible to obtain a permit to sell tobacco products in San Francisco, including general grocery stores, big box stores and other retailers. Plaintiff argues that Defendants treat these similarly situated entities differently because they revoked the permits to sell tobacco products only for those retailers who have a licensed pharmacy somewhere within their premises. Defendants contend that the presence of a pharmacy is insufficient to justify treating different types of stores differently, and that this different treatment of the similarly situated entities has no rational basis. Defendants respond that the stores with and without pharmacies are not similarly situated because, when a store contains a pharmacy, it is participating in the health care delivery system, and participants in the health care delivery system should not be selling deadly tobacco products. Alternatively, Defendants argue that, even if the stores with pharmacies are similarly situated to stores without pharmacies, Defendants' differential treatment of the two is rationally related to the legitimate purposes of the amended ordinance.

Plaintiff points out that in Defendants' brief in the Walgreen case, they made an argument similar to the one Plaintiff makes here. For instance, in their brief in the Walgreen case, Defendants stated that "the Board rationally concluded that society is far more likely to view drug stores as health-promoting institutions, as compared to big box stores or grocery stores. And that is true even if some big box stores and grocery stores happen

14

to contain pharmacies." Walgreen, 2009 WL 1933273, *1 (Respondent's Brief).  Defendants also argued that drug stores like Walgreen's are different from grocery stores like Plaintiff's because drug stores are more likely to draw former smokers with illnesses and people who are more tempted by, and vulnerable to, the harmful effects of tobacco and who should not be exposed to it. Id. at *6.

Defendants explain that their original decision to focus on drug stores was an attempt to take one step at a time, addressing the phase of the problem that was most acute to the legislative mind.  When the Walgreen court rejected this approach, they responded by addressing the entire problem, eliminating the differential treatment among types of stores with pharmacies. There is no inconsistency between Defendants' statements in the Walgreen case and their stance here that no stores with pharmacies should be selling tobacco products and that stores with and without pharmacies are situated differently.  Even if Defendants' arguments were inconsistent, judicial estoppel does not apply because they lost the Walgreen case, and then conformed to the court's ruling. Defendants cannot be faulted for doing so.

Furthermore, even if Plaintiff is similarly situated to other retailers without pharmacies, the amended ordinance easily passes rational basis scrutiny.  The purpose of the amended ordinance, to promote the public health by preventing people from becoming addicted to tobacco and by helping those already addicted to stop smoking, is legitimate and even compelling.  In prohibiting the sale of tobacco products in pharmacies, the amended ordinance

15

accomplishes its purpose by ending any inference that tobacco products may not be harmful because they are sold by a major participant in the health care delivery system.

Defendants' motion to dismiss Plaintiff's equal protection claim is granted. Dismissal is without leave to amend because no additional allegations would cure the deficiency noted above.

IV. Substantive Due Process Claim Under Fourteenth Amendment

In this cause of action, Plaintiff alleges that: "The arbitrary and capricious classification of these other parts of Safeway's stores as 'pharmacies' is a denial of Safeway's due process rights under the 14th Amendment to the United States Constitution and Article I, § 7 of the California Constitution." Comp. at ¶ 91. In its opposition to Defendants' motion, Plaintiff states that this claim is premised on: (1) the differential treatment of Plaintiff's stores and grocery stores without pharmacies and (2) the substantive due process right to be free from arbitrary, wrongful governmental actions that are not sufficiently linked to any legitimate state interest.

Plaintiff's first argument is a restatement of its equal protection claim, addressed above in section III. Plaintiff's second argument is a restatement of its substantive due process claim, addressed above in section II. In those sections, the Court analyzed these claims and dismissed them without leave to amend. Therefore, Plaintiff's fourth cause of action also is dismissed without leave to amend.

V. Preemption by State Regulation of Pharmacy Profession

In its complaint, Plaintiff alleges that the amended ordinance

16

is preempted by state laws regulating the pharmacy profession and the sale of tobacco products.  As Defendants note, in its opposition, Plaintiff abandons its preemption claim based on the regulation of tobacco products.  Therefore, this claim is dismissed.

Plaintiff argues that the amended ordinance is preempted by state regulation of the pharmacy profession in three ways: (1) it seeks to regulate pharmacies with another level of administrative control; (2) it is based on the irrational hypothesis that a state pharmacy license assures the public that tobacco products for sale in any store containing a pharmacy are safe; and (3) it creates an actual or potential hazard or confusion in the mind of the public about the meaning of a pharmacist's license.  Plaintiff cites cases for the proposition that a municipality may not impose additional or more stringent requirements upon professionals licensed by the state.  See e.g., Verner, Hilby and Dunn v. City of Monte Sereno, 245 Cal. App. 2d 29, 33 (1966) (local regulation of civil engineers and land surveyors preempted).

The amended ordinance does not regulate the pharmacy profession; it regulates retail stores by prohibiting those stores from selling tobacco if a pharmacy is located within them.  This is proper because state law allows local governments to enact ordinances regulating the distribution and sale of tobacco products within their boundaries.  See Cal. Bus. & Prof. Code § 22971.3 (nothing in this section regarding the licensing of cigarette and tobacco products preempts or supersedes any local tobacco control

17

law other than those related to the collection of state taxes); Cal. Health & Safety Code § 118950(e) (ordinances imposing greater restrictions on sale or distribution of tobacco than this section governing the non-sale distribution of tobacco products shall control, if there are any inconsistencies between the two); Cal. Bus. & Prof. Code §§ 22960(c), 22961(b) and 22962(e) (same regarding local ordinances restricting sale of cigarettes or tobacco products in vending machines, tobacco advertising on billboards and self-service displays of tobacco products).

Therefore, Plaintiff's preemption claim must be dismissed. It is dismissed without leave to amend because amendment would be futile.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Dismissal is with prejudice, without leave to amend. The Clerk shall enter judgment in favor of Defendants. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 7/15/2011

CLAUDIA WILKEN
United States District Judge